United States District Court
Southern District of Texas
**ENTERED**
December 07, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RICHARD OHENDALSKI,                    §
                                       §
        Plaintiff,                     §
                                       §
v.                                     §        CIVIL ACTION NO. H-15-2160
                                       §
UNITED STATES OF AMERICA,              §
                                       §
        Defendant.                     §

## <u>MEMORANDUM AND RECOMMENDATION</u>

Pending before the court[1] is Defendant United States of America's ("United States") Motion to Dismiss (Doc. 6). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the United States' motion be **GRANTED**.

## I.  Case Background

Plaintiff is an individual and trustee who brought suit against the United States on the ground that the Internal Revenue Service ("IRS") had not processed his claims for federal income tax refunds.[2] Plaintiff alleged that while the IRS made no response to many of Plaintiff's amended returns, the also IRS rejected claims because the claims for refund were not filled out within three years of Plaintiff's filing of the original returns.[3]

---

[1]     This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 7.

[2]     See Doc. 1, Pl.'s Compl.

[3]     See id. p. 3.

In a related matter, on November 14, 2014, the United States filed a petition to enforce an IRS administrative summons with this court.[4]  On December 22, 2014, Plaintiff filed amended tax forms claiming tax credits or refunds.[5]  On July 1, 2015, the court held a show cause hearing.[6]  The court found that Plaintiff failed to comply with the summons and ordered Plaintiff to produce information regarding his outstanding tax liabilities on July 28, 2015.[7]

On July 28, 2015, Plaintiff filed suit against the United States for credits in the amount of what he claimed to be "over-assessed" taxes, plus interest and penalties.[8]

On October 2, 2015, the United States filed a motion to dismiss or to strike Plaintiff's complaint, arguing that the court lacked subject matter jurisdiction over any of Plaintiff's claims and that, in the alternative, his complaint relating to his claims brought in his capacity as a trustee should be struck because, as a non-lawyer, he may not represent a trust.[9]  Plaintiff filed no

---

[4]    See United States of America v. Ohendalski, No. 4:14-mc-2630, Doc. 1, Pet. to Enforce IRS Summons.

[5]    See Doc. 1, Pl.'s Compl. p. 2.

[6]    See United States of America v. Ohendalski, No. 4:14-mc-2630, Doc. 15, Minute Entry for Show Cause Hearing.

[7]    See id. Doc. 16, Order Compelling Compliance with Summons dated July 1, 2015.

[8]    See Doc. 1, Pl.'s. Compl. p. 4.

[9]    See Doc. 6, Def.'s Mot. to Dismiss.

2

response, and the deadline to respond has now passed.

## II.  Legal Standard

The court must decide a Federal Rule of Civil Procedure ("Rule") 12(b)(1) motion before addressing any attack on the merits. <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001). Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3).  Federal courts may exercise jurisdiction over cases only as authorized by the United States Constitution and the jurisdictional statutes. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994); <u>see also</u> <u>Howery v. Allstate Ins. Co.</u>, 243 F.3d 912, 916 (5th Cir. 2001).  The party asserting jurisdiction bears the burden of overcoming the presumption that the cause falls outside the court's limited jurisdiction. <u>Kokkonen</u>, 511 U.S. at 377; <u>Howery</u>, 243 F.3d at 916, 919.  In considering such a motion, the court must take as true all uncontroverted factual allegations in the complaint. <u>John Corp. v. City of Houston</u>, 214 F.3d 573, 576 (5th Cir. 2000).

Local Rule 7.3 provides that "[o]pposed motions will be submitted to the judge twenty-one days from filing without notice from the clerk and without appearance by counsel. S.D. Tex. R. 7.3 (2000). Local Rule 7.4 provides that "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. R. 7.4 (2000).

3

### III.  Analysis

The United States argues that Plaintiff's complaint should be dismissed because he has not sufficiently alleged jurisdiction.  As noted supra, Plaintiff has not responded to the United States' motion to dismiss, and the motion is therefore unopposed.  However, unopposed motions may not be automatically granted.  See John v. State of Louisiana (Board of Trs. for State Colls. and Univs.), 757 F.2d 698, 708 (5th Cir. 1985).

The United States argues that all but one of Plaintiff's alleged tax refund claims are based on unpaid taxes and that the court therefore lacks subject matter jurisdiction as to those claims.  The court agrees.

The United States is immune from suit absent its consent. United States v. Sherwood, 312 U.S. 584, 586 (1941).  The United States has provided consent to sue for the recovery of erroneously or illegally assessed or collected taxes under 28 U.S.C. § 1346. However, a plaintiff must comply with jurisdictional requirements set forth in 26 U.S.C. § 7422 in order to sue for such taxes. Brashear v. United States, 138 F. Supp. 2d 786, 789 (N.D. Tex. 2002).  Section 7422 states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and

4

the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a)(emphasis added).

The Supreme Court, in <u>Flora v. United States</u>, 362 U.S. 146, 177 (1960), held that full payment of the disputed tax is required before a district court may hear a tax refund suit.  A federal district court therefore lacks jurisdiction under Section 1346 until a plaintiff has paid the asserted taxes in full and has filed a claim for a refund.  <u>See</u> <u>Brown v. United States</u>, 890 F.2d 1329, 1346 (5th Cir. 1989); <u>Smith v. Booth</u>, 823 F.2d 94, 97 (5th Cir. 1987).

In this case, Plaintiff alleges that the United States has failed to accept his claims for tax refunds on behalf of himself and as a trustee.  Plaintiff avers in his complaint that the court has jurisdiction pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422.  The United States has responded that Plaintiff owes over two million dollars for the tax periods in question and has produced authenticated tax records to support this averment.  The court finds that it is undisputed that Plaintiff has not paid the disputed taxes and that the court lacks subject matter jurisdiction over all of Plaintiff's claims arising from these unpaid tax assessments.

The United States admits that one of Plaintiff's assessments has been fully paid: that related to the 2009 Stephens Associates Trust income tax return.  However, the United States argues that

5

the court lacks jurisdiction over this claim for refund because it was untimely made.

26 U.S.C. § 6511(a) requires that a taxpayer must make a claim for a refund within three years from the date the return was filed or two years from the time the tax was paid, whichever is later. A taxpayer's failure to file a refund claim within the above period deprives the district court of subject-matter jurisdiction. Duffie v. United States, 600 F.3d 362, 384 (5th Cir. 2010). The United States avers that the Stephens Associate Trust's 2009 return was filed on September 27, 2010, and the tax payment was made on September 30, 2010.[10] According to Plaintiff's complaint, he filed his claim for tax refund on December 22, 2014.[11]

The United States argues that the Stephens Associates 2009 amended tax return would not have reset the three-year period Plaintiff had to make a claim even if it had been accepted by the IRS as a legitimate return. See U.S. v. McFerrin, 492 F. Supp. 2d 695, 703 (S.D. Tex. 2007) (holding that "nothing in the express language [of the applicable statutes] as applied to this case operates to make timely [plaintiffs'] amended return").

Here, Plaintiff admits he filed a claim for a refund in 2014, over a year beyond the deadline provided by the statute. Because his filing was untimely, the court lacks subject-matter

---

[10]   See Doc. 6-3, Ex. 2 to Def.'s Mot. to Dismiss, IRS Account Transcript p. 20.

[11]   See Doc. 1, Pl.'s Compl. p. 2.

6

jurisdiction over the Stephens Associates Trust's 2009 tax refund claim.[12]  Finding it has no jurisdiction over any of Plaintiff's claims, the court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**.

### IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that the United States' Motion to Dismiss be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 7th  day of December, 2015.

_____
U.S. MAGISTRATE JUDGE

---

[12]    Because the court finds that Plaintiff's claims lack subject-matter jurisdiction, the court need not consider the United States' alternate motion to strike Plaintiff's pleading for representing pro se two trusts as trustee.